UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

    Plaintiff,

    v.                                    Case No.  1:15cr43

Martell Lowry,                           Judge Michael R. Barrett

    Defendant.

## **ORDER**

This matter is before the Court on Defendant's Motion for Relief from Judgment. (Doc. 97).

Defendant pleaded guilty to enticement and coercion of a minor to engage in sexual activity, in violation of 28 U.S.C. § 2422(b). On September 22, 2016, this Court sentenced Defendant. (Docs. 69, 71). Defendant filed an appeal. (Doc. 73). On May 16, 2018, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. 83). Defendant argued the following grounds for relief in his § 2255 motion: (1) "Lack of constitutional authority to enact the laws under which the convictions were rendered;" (2) "The Commerce Clause does not contain any language to license Congress to provide for the punishment of any individual, as the Clause reaches only the actions and the conduct of the several States;" (3) "The federal laws are only applicable outside the territorial jurisdiction of the several States, under the equal footing doctrine;" and (4) "Article III district courts cannot be conferred with 'judicial Power' over criminal cases at all, only to controversies when the United States is a party." (Doc. 94, PAGEID 505). This Court denied Defendant's § 2255 motion both because his claims were procedurally

defaulted; and because the claims failed on the merits. Defendant did not file an appeal.

Defendant now brings a Rule 60(b) motion arguing: (1) Congress lacked constitutional authority to enact the laws under which he was convicted; (2) the Commerce Clause does not give Congress the authority to regulate any sex-related or exploitation conduct; and therefore, his convictions are void; (3) under the "equal footing" doctrine, federal laws are only applicable on federal property and therefore, there is no federal jurisdiction; (4) and judicial power of the federal courts does not extend to criminal cases.

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzales v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). However, Rule 60(b) is not applicable to criminal proceedings. *United States v. Charles*, 37 Fed.Appx. 758, 758 (6th Cir. June 17, 2002). Where a Rule 60(b) motion challenges the substance of the underlying conviction, rather than the integrity of the federal court's habeas proceedings, the motion will be considered a second or successive habeas petition. *See Gonzalez*, 545 U.S. at 531 (explaining in the § 2254 habeas context that "[a] habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute"); *see also In re Nailor*, 487 F.3d 1018, 1021–23 (6th Cir. 2007) (discussing the application of *Gonzalez* in § 2255 proceedings). If this Court determines that Defendant's Rule 60(b) motion is actually a second or successive § 2255 motion, it must be transferred to the Sixth Circuit. *United States v. Moon*, 527 F.

App'x 473, 475 (6th Cir. 2013); see also 28 U.S.C. § 2244(b)(3)(A) (explaining that before a second or successive petition for writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application).

As the Sixth Circuit has explained, "[a] Rule 60(b) motion 'is in substance a successive habeas petition and should be treated accordingly' if (among other things) it seeks to relitigate a habeas claim already adjudicated on the merits in federal court, or 'seeks to add a new ground for relief[.]'" *Sheppard v. Robinson*, 807 F.3d 815, 819 (6th Cir. 2015) (quoting *Gonzalez*, 545 U.S. at 531–32, 125 S.Ct. 2641). A true Rule 60(b) motion will only challenge "some defect in the integrity of the federal habeas proceeding" or a procedural ruling that "precluded a merits determination" of the habeas application. *Gonzalez*, 545 U.S. at 532, 532 n. 4.

Here, Defendant's Rule 60(b) motion essentially repeats the same arguments set forth in his § 2255 motion and rejected by this Court on the merits, but does not challenge some defect in the federal habeas proceeding. Pursuant to 28 U.S.C. § 2255(h), this Court lacks authority to decide the present motion because the United States Court of Appeals for the Sixth Circuit has not approved its filing. *Accord Frazier v. United States*, No. 20-5571, 2020 WL 9813539, at *1 (6th Cir. Nov. 3, 2020) ("In his Rule 60(b) motion, Frazier essentially argued that the district court wrongly denied his § 2255 motion, and he did not allege any defect in the integrity of the federal habeas proceedings. Under these circumstances, his Rule 60(b) motion should have been construed as an attempt to file a successive § 2255 motion.").

The Clerk of the Court is **DIRECTED** to transfer Defendant's 60(b) Motion for Relief

from Judgment (Doc. 97) to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255 in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

To the extent that Defendant seeks relief from this Court, that request is **DENIED** in accordance with 28 U.S.C. § 2244(a).

**IT IS SO ORDERED.**

          */s/ Michael R. Barrett*
          Michael R. Barrett
          United States District Judge